Pratt, J.
The motion for nonsuit was properly denied. "While it might be argued from the testimony that the injury was not caused solely by defendant’s negligence, yet, the inferences to that effect were for the jury to draw, not for the court.
The question whether the plaintiff was guilty of contributing to the accident, was properly left to the jury in the issue whether the plaintiff, under all the circumstances, did any thing that contributed to the accident which an ordinary prudent man might not have done.
A prudent man might well give up his seat inside a car to his wife, riding upon the front platform without being sub- • jected to the charge of negligence. What ninety-nine out of every hundred prudent men would'do under a given class of circumstances, cannot be regarded as an negligent act.
The plaintiff, having given up his seat to his wife, found it so uncomfortable, by reason of the crowded condition of the car, permitted by the defendant, that he was obliged to seek a place upon the platform.
At this time there was no seat furnished him in the car, and therefore the statute invoked by the defendant has no application.
*814 If the testimony of the plaintiff was to be believed, he was fully justified in seeking a place upon the front platform, which, at the time he attempted to secure a place there, was not so overcrowded as to render it unsafe for him to stand there. It is not the case of a passenger thrusting himself upon a platform so full of passengers that he is .unable to maintain his foothold.
The_ whole difficulty seems to have been, that after the plaintiff had boarded the car and-paid his fare, the conductor permitted other passengers to get on, and thus not only to push the plaintiff from his place, but prevent the driver from using his brake. It is apparent that if the driver had at once applied his brake when the plaintiff cried out to him to stop the car, the accident might have been averted.
The evidence justified the jury in finding that the defendants’ servants negligently permitted the car to be overcrowded so as to throw the plaintiff from the car, but also so as to render it impossible for the driver to take proper precautions to prevent accidents. Upon the plaintiff’s evidence the issue might be raised whether the driver was inattentive to duty or was guilty of any omission without which the injury would not have occurred. But it is claimed that plaintiff should not have attempted to get upon the front platform while the car was in motion. The obvious answer to this is, that this act did not cause the accident, for he had already got there, besides, he asked the conductor to stop the car before he- left the rear platform where there was then sufficient standing room. It is true the evidence is contradictory upon all the issues, but the case -was fairly submitted to the jury and the evidence is sufficient-fo sustain the verdict.
The judge’s charge presents no error of which the defendant can complain. It may well be doubted whether it was not in some respects too favorable to defendant.
We have examined the exceptions taken during the trial, but find none to warrant setting aside the verdict. The defendants’ requests were properly referred, and the amount of the verdict cannot, under the proofs, be said to be excessive.
Judgment affirmed, with costs.
Barnard, P. J., and Pratt, J., concur.